UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILFREDO ADONIS MILANES-BETANCOURT,

     Petitioner,

v.                              Case No.: 3:26-cv-1769-MMH-PDB

SHERIFF SCOTTY RHODEN and
U.S. ATTORNEY GENERAL,

     Respondents.
_____/

## **ORDER**

Petitioner Wilfredo Adonis Milanes-Betancourt initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on July 10, 2026. See generally Petition. Milanes-Betancourt asserts that United States Immigration and Customs Enforcement (ICE) detained him on January 30, 2026. Id. at 4. Although it is difficult for the Court to discern the date handwritten on the Petition, it appears that Milanes-Betancourt was ordered removed on April 21, 2026. Id. According to Milanes-Betancourt, he appealed his order of removal in May 2026, and his appeal was denied on June 15, 2026.[1] Id. at 2, 5. He contends that his continued detention

_____

[1] The Petition contains internal contradictions as to the date Milanes-Betancourt initiated the appeal. See generally Petition. On page 2, he states that he

is unlawful because ICE has detained him beyond the presumptively reasonable removal period and ICE is not likely to remove him the foreseeable future. Id. at 1, 6–7. And he requests that the Court order his immediate release. Id. at 6.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant

---

appealed on May 14, 2026, id. at 2, but on page 5, he asserts that he appealed on May 6, 2026, id. at 5.

likelihood of removal in the reasonably foreseeable future." <u>Akinwale</u>, 287 F.3d at 1052.

Here, Milanes-Betancourt appealed his order of removal, so it became final the day he received the decision—June 15, 2026. <u>See</u> 8 U.S.C. § 1101(a)(47)(B)(i) ("The order [of removal] . . . shall become final upon . . . a determination by the Board of Immigration Appeals affirming such order."); Petition at 2, 5. Because ICE has detained Milanes-Betancourt less than 180 days after his order of removal became final, his claim under <u>Zadvydas</u> is not yet ripe.[2] Thus, his petition is due to be dismissed. When Milanes-Betancourt's <u>Zadvydas</u> claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal. Should he wish to file a new petition, Milanes-Betancourt must pay a filing fee of $5.00 or file a complete motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. Additionally, Milanes-Betancourt must use the form approved for use in the Middle District of Florida. <u>See</u> Local Rule 6.04(a) ("A <u>pro</u> <u>se</u> person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1.      Milanes-Betancourt's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

---

[2] Regardless of the appeal, Milanes-Betancourt was not in ICE custody for more than 180 days. <u>See</u> Petition at 4.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.      The **Clerk** shall send Milanes-Betancourt a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** in Jacksonville, Florida, on this 16th day of July, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Wilfredo Adonis Milanes-Betancourt

4